COSTER et al. v. COSTER et al.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. TRUSTEES—SUBSTITUTED TRUSTEE—TITLE TO PROPERTY.

A substituted trustee takes title by virtue of his appointment, and not through any conveyance from his predecessor.

2. SAME—APPOINTMENT.

Where, in an action to have the accounts of a deceased trustee settled and allowed and for the appointment of a new trustee, a referee was appointed to hear and determine the issues of law and fact, the court was not bound to appoint as trustee the person named by the referee, since the issue could not be referred for final determination.

**3. SAME.**

While the court is not bound to follow the wishes of parties in appointing a trustee, it is proper that he should listen to them and consult their interests in selecting a proper person for the position.

**4. SAME.**

Where, in an action to have the accounts of a deceased trustee settled and allowed and for the appointment of a new trustee, a referee was appointed to hear and determine the issues of law and fact, a judgment appointing a new trustee and improperly directing the execution of proper deeds conveying to him the real property embraced in the trust, but not confirming the report of the referee, nor adjudicating in any manner as to the accounts of the deceased trustee, nor discharging his estate from liability on turning over the property in his hands at his death, nor making any provisions as to costs of any of the parties, should have been set aside on motion, the matter to stand for an application for final judgment on the referee's report.

Appeal from Special Term, New York County.

Action by Edward L. Coster and another, as executors of Francis L. Lowndes, deceased, against Edward L. Coster and others. From an order denying a motion to vacate a judgment, plaintiffs and all the original defendants appeal. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Austen G. Fox, for appellants.

Frederick H. Man, for infant appellants.

Joseph N. Tuttle, for respondents.

HOUGHTON, J.   Plaintiffs' testator was the sole testamentary trustee under the will of Margaret Coster, deceased. This action was brought by them as executors of such deceased trustee to have his accounts settled and allowed, and for the appointment of a new trustee, and all parties interested were made defendants. Edward L. Coster, one of the plaintiffs in his representative capacity, was made defendant individually. The other defendants are infants, for whom a guardian ad litem was appointed, who by his answer simply submitted the rights of the infants to the court. On the cause coming on for trial, the court, by consent, appointed a referee to hear and determine the issues of law and fact.   The decision of the referee was in the form of a report to the court, and contained findings of fact and conclusions of law settling and adjusting the accounts of the deceased trustee, and apportioning certain expenditures between principal and income, and, in addition, named the person who should be appointed trustee. On this report the plaintiffs' attorneys moved for final judgment and for an extra allowance in addition to costs. The papers were submitted to the court in September, 1907, and thereafter, and in the latter part of October, there was found entered in the clerk's office the judgment which all parties to this action, both plaintiff and defendant, moved to set aside.

This judgment recites that it was granted on motion of plaintiffs' attorneys. They deny that it was granted on their motion, or that they knew of its provisions until they found it upon the files of the clerk of the court. The judgment does not confirm the report of the referee, nor adjudicate in any manner as to the accounts of the deceas-

ed trustee, nor discharge his estate from liability upon turning over such property as may have been in his hands upon his death, nor does it make any provision as to costs of any of the parties. It does, however, appoint the respondent trustee, and directs that proper deeds shall be executed to convey to him the real property embraced in the trust. The motion to set aside the judgment was denied by the learned Special Term on the theory that passing upon the merits would be a virtual review of the action of one of his associates. We think not, and it is perfectly manifest that such a judgment should not be permitted to stand as the judgment in this action. It does not adjudicate respecting the accounts of the deceased trustee which was the principal object of the action; and it improperly directs the conveyance of the real property embraced in the trust to the new trustee. There is no person who can convey, nor is there any propriety in a conveyance, because a substituted trustee takes title by virtue of his appointment and not through any conveyance.

The apppellants make the novel claim that the court was bound to appoint as trustee the person the referee had said was a proper one to appoint on the theory that the order of reference was to hear and determine, and therefore the judgment must follow the decision. Of course, this is not so. No such issue could be referred for final determination. While the court is not bound to follow the wishes of parties in appointing a trustee, it is proper that he should listen to them and consult their interests in selecting a proper person for the position.

The respondent, the new trustee, takes no antagonistic position on this appeal. On his appointment he qualified according to the requirements of the judgment. If the judgment is proper, he is willing to act, and, if it must be set aside he makes no complaint. In any proceeding which shall be hereafter had he should be protected, at least, to the extent of the disbursements which he has in good faith made or incurred.

The judgment in its entirety should be set aside. The matter will then stand for an application for final judgment upon the referee's report.

The order is reversed without costs, and the motion granted. All concur; SCOTT, J., in result.